UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
EQUAL VOTE AMERICA CORP., LEWIS Y.
LIU,

                        Plaintiffs,

               -v-                               19 Civ. 311 (CM)

CONGRESS; NANCY PELOSI, in her official
capacity as the Speaker of the House of the
Representatives; KEVIN MCCARTHY, in his
official capacity as the Minority Leader of the
House; MITCH McCONNELL, in his official
capacity as the Senate Majority Leader; and
CHARLES (CHUCK) SCHUMER, in his official
capacity as the Senate Minority Leader,

                      Defendants.
------------------------------------------------------------ X

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT TO ADD PARTIES**

                                                     GEOFFREY S. BERMAN
                                                     United States Attorney
                                                     Southern District of New York
                                                     86 Chambers Street, Third Floor
                                                     New York, New York 10007
                                                     Telephone: (212) 637-2715
                                                     Facsimile: (212) 637-2717

STEVEN J. KOCHEVAR
Assistant United States Attorney
    – Of Counsel –

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................................ 1

BACKGROUND ............................................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    Legal Standards .................................................................................................................. 2

    II.   Plaintiffs' Proposed Amendment Would Be Futile ............................................................ 3

CONCLUSION ................................................................................................................................ 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Indiana Pub. Ret. Sys. v. SAIC, Inc.*,
  818 F.3d 85 (2d Cir. 2016) ................................................................................................. 3
*Komatsu v. NTT Data, Inc.*,
  No. 15-cv-7007 (LGS), 2016 WL 2889064 (S.D.N.Y. May 17, 2016) ..................................... 2
*Liu v. Ryan*,
  724 Fed. App'x 92 (2d Cir. 2018) ....................................................................................... 3
*Ricciardi v. Kone, Inc.*,
  215 F.R.D. 455 (E.D.N.Y. 2003) ......................................................................................... 3

**Rules**

Fed. R. Civ. P. 15 ................................................................................................................ 2

Defendants Nancy Pelosi, Speaker of the United States House of Representatives, Kevin McCarthy, House Minority Leader, Mitch McConnell, Majority Leader of the United States Senate, and Charles Schumer, Senate Minority Leader, by their attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in opposition to plaintiffs' motion to amend their complaint to add parties.

## PRELIMINARY STATEMENT

The Court should deny plaintiffs' motion to amend their complaint to add 223 individuals as plaintiffs. Plaintiffs represent that they located these individuals through an online form plaintiffs posted about the present action. Even assuming that these individuals wish to be named as additional plaintiffs in this case, leave to amend should be denied as futile. The proposed addition of the new individuals and their names, addresses, and states would do nothing to address the defects in plaintiffs' complaint—indeed, plaintiffs' proposed amendments underscore that they have no standing to assert their claims because the putative harms on which they rely are shared by the vast majority of voters in the United States. Specifically, under plaintiffs' theory of the case, plaintiffs need only fill out an online form to join this action as a putatively aggrieved party. Article III jurisdiction does not exist in such circumstances. Accordingly, the Court should deny plaintiffs' motion to amend because amendment would be futile.

## BACKGROUND

On January 11, 2019, plaintiffs Equal Vote America Corp. and Lewis Y. Liu filed the present action, challenging the apportionment of seats in the United States House of Representatives. *See* Dkt. No. 1. On February 11, 2019, plaintiffs filed their First Amended Complaint. *See* Dkt. No. 9. On April 26, 2019, the Court held an initial pretrial conference and set a schedule for defendant's motion to dismiss. *See* Dkt. Entry Dated April 26, 2019. Pursuant

1

to that schedule, defendants filed a motion to dismiss on June 7, 2019. Dkt. Nos. 21-22.  On July 8, 2019, plaintiffs filed their opposition to defendants' motion to dismiss. *See* Dkt. Nos. 25-26. Also on July 8, 2019, plaintiffs filed a motion to amend their complaint, along with a proposed second amended complaint. *See* Dkt. Nos. 23-24.  Plaintiffs propose to amend their complaint to add 223 new plaintiffs. *See* Plaintiff's [sic] Motion to Amend Complaint to Add Parties (Motion to Amend), at 1, Dkt. No. 24.  Plaintiffs assert that these "223 individuals from all 40 [sic] states, have voluntarily and willingly joined in [the present] action by signing [an] online affidavit" posted by plaintiffs on the Internet. *Id.* at 2.  Plaintiffs' proposed second amended complaint lists these 223 individuals and provides an alleged address and state for each putative additional plaintiff. *See id.* Ex. A. ("Proposed SAC"), at 4-8.  Plaintiffs' proposed second amended complaint does not otherwise meaningfully alter the substance of plaintiffs' claims.

## ARGUMENT

### I.   Legal Standards

Federal Rule of Civil Procedure 15(a) permits amendment under certain circumstances. A party may amend a pleading once as of right within 21 days of serving it or within 21 days after service of a response or certain Rule 12 motions, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). But "[i]n all other cases," a party may amend pleadings only on the written consent of opposing parties or by leave of the court. Fed. R. Civ. P. 15(a)(2).

"While leave to amend should be freely granted, the district court has the discretion to deny leave if there was a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Komatsu v. NTT Data, Inc.*, No. 15-cv-7007 (LGS), 2016 WL 2889064, at *2 (S.D.N.Y. May 17, 2016) (internal quotation marks and alterations omitted). Futility of amendment under Rule 15 is assessed by determining whether the proposed

amendment contains "enough facts to state a claim to relief that is plausible on its face." *See Indiana Pub. Ret. Sys. v. SAIC, Inc.*, 818 F.3d 85, 92 (2d Cir. 2016) (internal quotation marks omitted). In addition, "[i]f a proposed amendment adds a claim and party over which the Court lacks subject matter jurisdiction, the amendment would be futile." *Ricciardi v. Kone, Inc.*, 215 F.R.D. 455, 456 (E.D.N.Y. 2003).

## II.     Plaintiffs' Proposed Amendment Would Be Futile

The Court should deny plaintiffs leave to amend because their proposed amendments would be futile. For the reasons set forth in defendants' memorandum of law in support of their motion to dismiss, the proposed addition of 223 individuals as plaintiffs—and the proposed addition of their names, addresses and states—will do nothing to save plaintiffs' case. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint Under Rule 12(b)(1), or, Alternatively, Under Rule 12(b)(6) and Rule 12(b)(2) ("MTD"), at 4-14, Dkt. No. 22. Indeed, plaintiffs proposed addition of 223 individuals to their complaint on the basis of their response to an online form reinforces defendants' argument that this Court lacks jurisdiction over plaintiffs' claims because plaintiffs lack standing. *See id.* at 5-10; *see* Motion to Amend Appendix A (showing a screenshot of the Google Documents online form apparently used to gather information on the proposed additional plaintiffs).  As the Second Circuit explained in a similar case also brought by plaintiff Liu, "a voter fails to present an injury in fact when the alleged harm is abstract and widely shared . . . ." *Liu v. Ryan*, 724 Fed. App'x 92, 93 (2d Cir. 2018) (internal quotation marks omitted).  The Circuit observed in that case that Liu had "admit[ted] that his alleged injury is widely shared by the vast majority of Americans." *Id.*  In the present case, Liu's proposal to add 223 individuals to the case based on their response to an online survey should be understood as a similar admission that the harms claimed by

plaintiffs are shared "by the vast majority of Americans" and too generalized to support standing. *See* MTD at 7-8.

Separate from defendants' standing arguments—which plaintiffs' proposed amendments support—plaintiffs' proposed amendments would do nothing to address the other fatal defects of plaintiffs' complaint, such as its other jurisdictional defects and its failure to state a claim. *See* MTD at 4-15. Plaintiffs' motion to amend makes no attempt to explain how adding 223 individuals based on their responses to an internet survey would cure the defects of their complaint. *See* Motion to Amend. Accordingly, plaintiffs' proposed amendments would be futile, and the Court should deny plaintiffs leave to amend.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion to amend their complaint.

Dated: New York, New York
July 18, 2019

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York
    *Counsel for Defendants*

By:   /s/ Steven J. Kochevar
    STEVEN J. KOCHEVAR
    Assistant United States Attorney
    86 Chambers Street, Third Floor
    New York, New York 10007
    (212) 637-2715
    steven.kochevar@usdoj.gov