UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

EQUAL VOTE AMERICA CORP., LEWIS Y. LIU,

                        Plaintiffs,

            -v-

19 Civ. 311 (CM)

CONGRESS; NANCY PELOSI, in her official capacity as the Speaker of the House of the Representatives; KEVIN MCCARTHY, in his official capacity as the Minority Leader of the House; MITCH McCONNELL, in his official capacity as the Senate Majority Leader; and CHARLES (CHUCK) SCHUMER, in his official capacity as the Senate Minority Leader,

                        Defendants.

------------------------------------------------------------ X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
UNDER RULE 12(B)(1), OR, ALTERNATIVELY, UNDER RULE 12(B)(6) AND RULE
12(B)(2)**

                                                                                          GEOFFREY S. BERMAN
                                                                                          United States Attorney
                                                                                          Southern District of New York
                                                                                          86 Chambers Street, Third Floor
                                                                                          New York, New York 10007
                                                                                          Telephone: (212) 637-2715
                                                                                          Facsimile: (212) 637-2717

STEVEN J. KOCHEVAR
Assistant United States Attorney
    – Of Counsel –

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.    The Court Lacks Subject Matter Jurisdiction Over This Action ........................................ 2

        A.   *Clemons* Forecloses this Court's Jurisdiction Over Any Challenge to the Number of Seats in the House ................................................................................................ 2

        B.   Plaintiffs Lack Article III Standing ............................................................................ 2

        C.   Sovereign Immunity Deprives the Court of Jurisdiction Over Plaintiffs' Claims ........... 5

        D.   The Speech or Debate Clause Deprives this Court of Jurisdiction Over Plaintiffs' Claims ....................................................................................................................... 6

    II.   Plaintiffs' Claims Should Be Dismissed Under Rule 12(b)(6) and Rule 12(b)(2) .............. 7

        A.   Plaintiffs Fail to State a Claim .................................................................................. 7

        B.   The Court Lacks Personal Jurisdiction Over All But One Defendant ........................... 8

CONCLUSION ............................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Becker v. Fed. Election Commission*,
  230 F.3d 381 (1st Cir. 2000) .................................................................................................. 3

*Berg v. Obama*,
  586 F.3d 234 (3d Cir. 2009) ................................................................................................... 3

*Clemons v. Dep't of Commerce*,
  562 U.S. 1105 (2010) .............................................................................................................. 2

*Clemons v. U.S. Department of Commerce*,
  710 F. Supp. 2d 570 (N.D. Miss. 2010) ................................................................................. 2

*Collins v. Merrill*,
  No. 16 Civ. 9375, 2016 WL 7176651 (S.D.N.Y. Dec. 7, 2016) ............................................. 3

*Common Cause v. Biden*,
  748 F.3d 1280 (D.C. Cir. 2014) ............................................................................................. 7

*Crist v. Comm'n on Presidential Debates*,
  262 F.3d 193 (2d Cir. 2001) ................................................................................................... 3

*Dotson v. Griesa*,
  398 F.3d 156 (2d Cir. 2005) ............................................................................................... 5, 6

*Dred Scott v. Sandford*,
  60 U.S. 393 (1857) .................................................................................................................. 4

*Elk Grove Unified Sch. Dist. v. Newdow*,
  542 U.S. 1 (2004) .................................................................................................................... 6

*FDIC v. Meyer*,
  510 U.S. 471 (1994) ................................................................................................................ 6

*Gravel v. United States*,
  408 U.S. 606 (1972) ................................................................................................................ 6

*Hoffman v. Jeffords*,
  175 F. Supp. 2d 49 (D.D.C. 2001) ......................................................................................... 4

*In re Terrorist Attacks on Sept. 11,
  2001*, 714 F.3d 659 (2d Cir. 2013) ......................................................................................... 9

*Kirkpatrick v. Preisler*,
  394 U.S. 526 (1969) ................................................................................................................ 8

*Liu v. Ryan*,
  724 Fed. App'x 92 (2d Cir. 2018) .......................................................................................... 3

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ............................................................................................................ 3, 4

*McLean v. United Sates*,
  566 F.3d 391 (4th Cir. 2009) .................................................................................................. 6

*Newdow v. Congress*,
   328 F.3d 466 (9th Cir. 2003) ................................................................................................ 6

*Omnipoint Comms., Inc. v. Common Council of City of Peekskill*,
   202 F. Supp. 2d 210 (S.D.N.Y. 2002) .................................................................................. 1

*Raines v. Byrd*,
   521 U.S. 811 (1997) .............................................................................................................. 4

*Rothstein v. UBS AG*,
   708 F.3d 82 (2d Cir. 2013) .................................................................................................... 5

*SEC v. Comm. on Ways & Means of the U.S. House of*
   *Reps.*, 161 F. Supp. 3d 199 (S.D.N.Y. 2015) ................................................................... 6, 7

*U.S. Dep't of Commerce v. Montana*,
   503 U.S. 442 (1992) ........................................................................................................ 7, 8

*United States v. Students Challenging Regulatory Agency Procedures* (*SCRAP*),
   412 U.S. 669 (1973) .............................................................................................................. 3

*Wesberry v. Sanders*,
   376 U.S. 1 (1964) .................................................................................................................. 8

**Statutes**

2 U.S.C. § 2a ................................................................................................................................ 2

Defendants Congress; Nancy Pelosi, Speaker of the United States House of Representatives; Kevin McCarthy, House Minority Leader; Mitch McConnell, Majority Leader of the United States Senate; and Charles Schumer, Senate Minority Leader, by their attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, respectfully submit this reply memorandum of law in support of their motion to dismiss the complaint for lack of subject-matter jurisdiction under Rule 12(b)(1), or, alternatively, for failure to state a claim under Rule 12(b)(6) and for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

The Court should dismiss plaintiffs' amended complaint, for the reasons stated in defendants' opening brief and herein. In their opposition brief, plaintiffs do not meaningfully join issue with many of defendants' arguments and instead offer open-ended historical observations untethered from legal authority. Plaintiffs fail to address the two most important problems with their complaint: first, they have failed to allege a concrete injury and instead base their claims on abstract harms shared by the vast majority of citizens. Second, the Supreme Court has considered and upheld the constitutionality of the apportionment statutes challenged by plaintiffs. Accordingly, this Court should dismiss plaintiffs' amended complaint under Rules 12(b)(1), or 12(b)(6) and 12(b)(2).[1]

---

[1] Plaintiff Liu also submitted a declaration in opposition to defendants' motion. *See* Plaintiffs' Declaration in Opposition to Defendents' [sic] Motion to Dismiss, Dkt. No. 25. This declaration addresses facts, such as the "Root Cause of the American Revolution" that cannot be within plaintiff's personal knowledge. *See id.* at 7. It also contains conclusory statements of law. *See id.* at 19. Although this issue more commonly appears at the summary judgment stage of proceedings, defendants respectfully request that the Court disregard or strike plaintiffs' declaration to the extent it contains facts not within plaintiff's personal knowledge and conclusory legal argumentation. *See, e.g.*, *Omnipoint Comms., Inc. v. Common Council of City of Peekskill*, 202 F. Supp. 2d 210, 213 (S.D.N.Y. 2002) (McMahon, J.) (relying on Fed. R. Civ. P. 56 and striking paragraphs of attorney affidavit "to the extent that they contain conclusory

# ARGUMENT

I. **The Court Lacks Subject Matter Jurisdiction Over This Action**

A. *Clemons* Forecloses this Court's Jurisdiction Over Any Challenge to the Number of Seats in the House

As explained in defendants' opening brief, the Supreme Court has indicated that the federal courts lack jurisdiction over a challenge to the number of seats in the House. *See Clemons v. Dep't of Commerce*, 562 U.S. 1105 (2010); Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint Under Rule 12(b)(1), or, Alternatively, Under Rule 12(b)(6) and Rule 12(b)(2) ("MTD"), at 5, Dkt. No. 22. Plaintiffs' argument that *Clemons* is distinguishable because the *Clemons* defendants were executive branch officials and the United States Department of Commerce, *see* Plaintiff's [sic] Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Opp."), at 10-11, Dkt. No. 26, ignores the substance of *Clemons v. U.S. Department of Commerce*, 710 F. Supp. 2d 570 (N.D. Miss. 2010), the district court opinion the Supreme Court vacated for lack of jurisdiction. The district court opinion in *Clemons* considered several of the issues raised by plaintiffs here, and noted that "[p]laintiffs seek invalidation of the relevant part of 2 U.S.C. § 2a, which would require Congress to consider anew the size of the House." *Clemons*, 710 F. Supp. 2d at 573. The substitution of the legislative branch as defendants, rather than the executive branch as in *Clemons*, does nothing to create the jurisdiction foreclosed by the Supreme Court's *Clemons* decision. *See id.* at 572 ("We will refer to the Defendants simply as the government.").

B. Plaintiffs Lack Article III Standing

---

statements of law or information not possibly based on personal information"). In addition, plaintiff's submission may be at odds with the Court's Individual Practices and Procedures. *See id.* at 9 ("Parties shall not attempt to circumvent the above page limits by attaching an affidavit or declaration in lieu of a fully developed statement of the facts in the brief.").

For the reasons explained in defendants' opening brief, the Court should dismiss plaintiffs' amended complaint because plaintiffs have failed to establish any of the three elements of Article III standing. *See* MTD at 5-10. With respect to the first element, while plaintiffs are correct that injury-in-fact is not necessarily absent because the alleged harm is shared by "the many rather than the few," *United States v. Students Challenging Regulatory Agency Procedures* (*SCRAP*), 412 U.S. 669, 686 (1973) (citation omitted), plaintiffs ignore the equally important requirement that the harm must still be sufficiently "concrete and particularized," *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). *See* Opp. at 13-14. For instance, in *SCRAP*, on which plaintiffs rely, Opp. at 13, while an aggrieved citizens' group challenged a regulatory act with a broad, even national, environmental impact, it was able to point to "specific and perceptible harm[s]" related to local resource use that "distinguished [its members] from other citizens." 412 U.S. at 689. By contrast, courts have routinely dismissed actions alleging such "abstract and widely shared" harms as those alleged by plaintiffs here, particularly in the context of election-related challenges (including a past challenge brought by plaintiff Liu himself). *See Liu v. Ryan*, 724 Fed. App'x 92, 93 (2d Cir. 2018); *see also, e.g.*, *Crist v. Comm'n on Presidential Debates*, 262 F.3d 193, 195 (2d Cir. 2001) (affirming dismissal, on standing grounds, of suit seeking broader access by candidates to national debates); *Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009) (rejecting standing of individual voter to challenge eligibility of Barack Obama to serve as President); *Becker v. Fed. Election Commission*, 230 F.3d 381, 389-390 (1st Cir. 2000) (rejecting standing of third-party voters to challenge funding of presidential debates in context of Ralph Nader's candidacy for President); *Collins v. Merrill*, No. 16 Civ. 9375, 2016 WL 7176651, at *2 (S.D.N.Y. Dec. 7, 2016) (dismissing New York voter's constitutional challenge to Electoral College on standing grounds) (collecting cases).

More broadly, plaintiffs' discussions of irrelevant historical decisions like *Dred Scott v. Sandford*, 60 U.S. 393 (1857) and authoritarian regimes do not meaningfully join issue with— and certainly do not prevail over—defendants' arguments concerning injury. *See, e.g.*, Opp. at 15. Specifically, despite plaintiffs' protestations to the contrary,

> [the Supreme Court has] consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992). Plaintiffs offer no argument explaining how they are differently situated from the vast majority of American citizens. Instead, they are "raising only a generally available grievance about government," which has been further demonstrated by plaintiffs' attempt to add 223 new individual plaintiffs to this action based on these individuals' responses to an online survey about the case. *Id.*; *see* Plaintiff's [sic] Motion to Amend Complaint to Add Parties, at 1-2, Dkt. No. 24; Memorandum of Law in Opposition to Plaintiffs' Motion to Amend Complaint to Add Parties, at 3-4, Dkt. No.27.

Plaintiffs have also failed to establish the second required element of standing, traceability, for the individual defendants. *See* MTD at 9. Plaintiffs' argument that traceability is established because the individual defendants have not replaced the existing reapportionment laws, *see* Opp. at 14, overlooks that the total of four votes of the individual defendants across the two Chambers of Congress are insufficient to pass any legislation. *See Hoffman v. Jeffords*, 175 F. Supp. 2d 49, 58 (D.D.C. 2001) (dismissing suit against Senator for changing political parties, including because "his single vote could not by itself defeat or result in the enactment of any legislation"), *aff'd*, No. 02-5006, 2002 WL 1364311, at *1 (D.C. Cir. May 6, 2002); *see also Raines v. Byrd*, 521 U.S. 811, 830 n.11 (1997) (noting that it was "far from clear" that individual

4

members of Congress could show "fairly traceable" injury in case against executive officials arising out of legislative actions of plaintiffs-congresspersons' colleagues in passing act plaintiffs-congresspersons disfavored). Moreover, there is no guarantee that the President of the United States will sign any legislation passed by Congress, supported by the individual defendants or not, into law. Thus, there is no causal nexus between the actions of the individual defendants and the effects of apportionment laws that have been in place since the 1940s. *See Rothstein v. UBS AG*, 708 F.3d 82, 91 (2d Cir. 2013) ("The traceability requirement for Article III standing means that the plaintiff must demonstrate a causal nexus between the defendant's conduct and [plaintiff's] injury." (internal quotation marks omitted)); *see* MTD at 3.

Third, plaintiffs have failed to establish the third element of standing, redressability. *See* MTD at 9-10. As explained in defendant's opening brief, were this Court to hold the present scheme of apportionment unconstitutional, this would not remedy any of plaintiffs' claimed harms: it would simply freeze the present allocation of House seats in place. MTD at 10. Plaintiffs' argument in response—effectively that this Court could somehow compel Congress to pass and the President to sign new apportionment legislation, Opp. at 16-17—ignores the separation of powers that is the basic structural principle of the federal government. This Court lacks jurisdiction to write new laws, including apportionment statutes. Accordingly, plaintiffs have failed to establish redressability—or any of the necessary elements of standing—and their amended complaint should be dismissed.

C.   Sovereign Immunity Deprives the Court of Jurisdiction Over Plaintiffs' Claims

As explained in defendants' opening brief, sovereign immunity also independently deprives this Court of jurisdiction over plaintiffs' claims. *See* MTD at 10-11. Plaintiffs' argument in response that the case of *Dotson v. Griesa*, 398 F.3d 156 (2d Cir. 2005), is

5

distinguishable because it was a *Bivens* action concerning employment termination, Opp. at 17-18, ignores both the relevance of *Dotson*, as well the other cases cited by defendants recognizing that sovereign immunity extends to Congress and its members. *Dotson* is relevant for its clearly stated rule that "the shield of sovereign immunity protects not only the United States but also its agencies and officers when the latter act in their official capacities." *Dotson v. Griesa*, 398 F.3d 156, 177 (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)); *see McLean v. United Sates*, 566 F.3d 391, 401 (4th Cir. 2009) ("[S]overeign immunity extends to the United States Congress when it is sued as a branch of the government."); *SEC v. Comm. on Ways & Means of the U.S. House of Reps.*, 161 F. Supp. 3d 199, 217 (S.D.N.Y. 2015) ("[T]he doctrine of sovereign immunity . . . encompasses Congress and members of Congress acting in their official capacities."). No waiver of sovereign immunity exists for plaintiffs' claims, and this Court should therefore dismiss plaintiffs' complaint.

        D.      <u>The Speech or Debate Clause Deprives this Court of Jurisdiction Over Plaintiffs' Claims</u>

As explained in defendants' opening brief, the Speech or Debate clause of the Constitution eliminates any possible federal court jurisdiction over plaintiffs' claims. *See* MTD at 11-12. Plaintiffs' arguments that the Speech and Debate Clause does not apply here are devoid of legal authority. *See* Opp. at 18. Courts have held the Speech and Debate Clause applies to legislative activity, not just technical speaking and debating, and that it protects Congress from "orders directing Congress to enact or amend legislation." *Newdow v. Congress*, 328 F.3d 466, 484 (9th Cir. 2003) ("[I]n light of the Speech and Debate Clause of the Constitution, Art. I, § 6, cl. 1, the federal courts lack jurisdiction to issue orders directing Congress to enact or amend legislation."), *rev'd on other grounds*, *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1 (2004); *see, e.g.*, *Gravel v. United States*, 408 U.S. 606, 617 (1972) (Speech or Debate immunity

"equally cover[s]" "voting" as it does actual speech or debate); *Common Cause v. Biden*, 748 F.3d 1280, 1283-84 (D.C. Cir. 2014) (observing that Speech or Debate immunity would preclude suit against Senators challenging non-passage of legislation when cloture favored by a majority of Senators); *SEC v. Comm. on Ways and Means of the U.S. House of Representatives*, 161 F. Supp. 3d at 236 (Speech or Debate immunity extends to "proposing legislation" and "voting on legislation").

## II. Plaintiffs' Claims Should Be Dismissed Under Rule 12(b)(6) and Rule 12(b)(2)

### A. Plaintiffs Fail to State a Claim

As explained in defendants' opening brief, plaintiffs have failed to state a plausible claim for relief and their amended complaint should be dismissed under Rule 12(b)(6). *See* MTD at 12-14. First, *U.S. Dep't of Commerce v. Montana*, 503 U.S. 442 (1992), forecloses plaintiffs' claim on the merits. Plaintiffs' attempt to distinguish *Montana* because it was brought against the executive branch instead of the legislative branch, *see* Opp. at 20, ignores *Montana*'s thorough discussion and validation of the constitutionality of the apportionment acts. *See Montana*, 503 U.S. at 460-64. Contrary to plaintiffs' argument, the Supreme Court's decision in *Montana* applies equally to a suit against the legislative branch as one against the executive branch. Plaintiffs' additional argument that *Montana* does not apply because, in that case, Montana only sought to retain its two seats while the present plaintiffs seek relief affecting every state cuts against plaintiffs' position. *See* Opp. at 20. Indeed, the Supreme Court clearly upheld the constitutionality of the present apportionment statues in *Montana*. That plaintiffs now seek nationwide relief holding the apportionment statutes unconstitutional highlights how far away plaintiffs are from stating any plausible claim for relief.

Plaintiffs' reliance on *Wesberry v. Sanders*, 376 U.S. 1 (1964), is misplaced. *Wesberry* concerned the apportionment of House seats *within* a state, not the allocation of House seats *between* states. *See Wesberry*, 376 U.S. at 3. As the Supreme Court explained in *Montana*, "[the Supreme Court's] cases applying the *Wesberry* standard have all involved disparities in the size of voting districts within the same State." *Montana*, 503 U.S. at 460. In *Montana*, the Supreme Court explained why the *Wesberry* standard of "mak[ing] a good-faith effort to achieve precise mathematical equality", *id.* (quoting *Kirkpatrick v. Preisler*, 394 U.S. 526, 530-31 (1969)), could not be applied in the same way to the separate problem of apportioning seats between states: specifically, "[t]he constitutional guarantee of a minimum of one Representative for each State inexorably compels a significant departure from the ideal," *Montana*, 503 U.S. at 463. Because each State must receive at least one Representative, despite their significant differences in population, the mathematical problem posed by allocating representatives between states is fundamentally different from the task of allocating representatives within states. Thus, *Wesberry* does not directly apply here.

In addition, as noted in defendants' opening brief, plaintiffs also fail to state a claim because no court, under any theory of liability, has ever recognized a cause of action against Congress or a Member of Congress for taking, or failing to take, legislative action to an individual's satisfaction. *See* MTD at 14. Even if the Court concludes that it has subject matter jurisdiction, the Court should nonetheless dismiss plaintiffs' complaint under Rule 12(b)(6).

    B.    <u>The Court Lacks Personal Jurisdiction Over All But One Defendant</u>

Finally, the complaint should be dismissed as against Speaker Pelosi, Leader McCarthy, and Leader McConnell for lack of personal jurisdiction. *See* MTD at 14-15. In response to this point, plaintiffs offer the non sequitur that "more than 200 Americans from 40 states including

8

California and Kentucky have joined the civil lawsuit concerning the constitutional right to equal representation for all Americans." Opp. at 20. Even if the Court were to grant leave to add more plaintiffs in this action, this would have no bearing on the Court's personal jurisdiction over Speaker Pelosi, Leader McCarthy, or Leader McConnell. Instead, as explained in defendants' opening brief, "[i]n order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing," including an "averment of facts that … would suffice to establish jurisdiction over the defendant." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (citations omitted). Plaintiffs have made no factual averments showing the necessary contacts of Speaker Pelosi, Leader McCarthy, or Leader McConnell to this District. This Court does not have personal jurisdiction over these defendants.

## CONCLUSION

For the foregoing reasons, the Court should dismiss plaintiffs' amended complaint.

Dated:  New York, New York
        July 24, 2019

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney for the
                                        Southern District of New York
                                        *Counsel for Defendants*

By:    <u>/s/ Steven J. Kochevar</u>
        STEVEN J. KOCHEVAR
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        (212) 637-2715
        steven.kochevar@usdoj.gov